By the Court. Bosworth, J.
The complaint alleges that the plaintiff is the owner of certain premises, particularly described ; that the defendants, at their request, and by permisssion of the plaintiff, occupied them from the 1st of February to the 1st of May, 1855, and that the use of them was worth the sum of $284.14.
2d. That plaintiff furnished and delivered sand to the defendants, on their agreement to pay, at the rate of $3 per week; that for this $35.50 was due.
3d. That plaintiff carted mud and dirt from the premises, on defendants’ agreement to pay the usual and customary price, and that these services, at that rate, amounted to $26.62.
The answer puts in issue, the allegations of the complaint, as to plaintiff being the owner, and as to occupying under him; and then states, that defendants occupied the premises, under a lease in writing, not sealed, executed to them by one Austen B. Trow-bridge ; and that, so far as they know, he is the only landlord to whom they are responsible.
*496 That Trowbridge owes them $136.31, which they claim to set-off against the rent.
It also puts in issue the allegations as to furnishing sand, and carting mud and dirt.
The evidence shows that the plaintiff became the owner of the premises in December, 1854.
Andrews & Gildersleeve, the plaintiff’s grantors, owned the premises prior to the 23d of September, 1852, the date of the lease from Trowbridge to the defendants; that is, they owned the premises, so far as the paper title discloses the true owners. Trowbridge occupied the premises, covered by the deeds to the plaintiff, under an agreement between him and Gildersleeve & Andrews. The premises in question are but a small part of those bought by the plaintiff of Gildersleeve & Andrews.
Trowbridge, while thus occupying them under Gildersleeve & Andrews, leased to the defendants, by an unsealed lease, dated the 23d of September, 1852, the premises in question, for five years from the first of October following, at the yearly rent of $1075, payable quarterly. The defendants occupied under that lease. The defendants were notified by Gildersleeve, in the presence of the plaintiff, prior to the first of February, 1855, that the plaintiff was their landlord. Trowbridge had no interest in the premises which authorized him to give a valid lease for the term for which he leased to the defendants. Trowbridge does not appear to have claimed' any rent of the defendants, or any right to any that accrued after the first of February, 1855,
By a writing, indorsed on a counterpart of the lease from Trow-bridge to the defendants, reciting that the plaintiff had purchased the premises, thereby demised from the former owners, and signed by Trowbridge, Gildersleeve & Andrews, they severally assigned the lease to the plaintiff, and all their right, title, interest, claim, and demand therein and thereunder. That writing is dated the 15th of May, 1855.
This evidence established a legal title in the plaintiff, and that he was the owner of the premises during the whole period for which the plaintiff sought to recover; that the defendants actually occupied under the lease executed to them by Trowbridge; that they were informed before the 1st of February, 1855, that the plaintiff was henceforth their landlord. To this no objection *497 was made, and to that change they must be deemed to have assented. The plaintiff having proved these facts, and the value of the use of the premises, rested.
The defendants moved for a nonsuit, on the sole ground, that the plaintiff having shown the existence of a lease from Trow-bridge to the defendants, for the period of five years, and that it not appearing that the lease was not sealed, the plaintiff could not recover, (if at all) under the statute, for use and occupation, without first showing whether or not the lease was by deed.
The court overruled the objection, The defendants excepted, and entered upon their defence. The defendants then produced and proved the lease, and it was unsealed.
The plaintiff when he rested, had given no evidence in support of the second or third cause of action, but subsequently gave evidence tending to establish them, by his cross-examination of defendants’ witnesses.
The defendants objected and excepted to the admission of this evidence, on the ground that as the plaintiff had given no evidence in support of these claims before he rested, he could not be allowed to give such evidence after the defendants had entered upon their defence. The defendants proved that Trowbridge was indebted to them anterior to the 1st of February, 1855, to an amount between $100 and $200. But there was no attempt to prove any agreement between them that it should be applied in payment of rent thereafter to accrue under the lease. They claimed the right to have this indebtedness applied upon this rent. The right to so apply it, was based on the theory, that the premises really belonged to Trowbridge, and that he had made use of Gildersleeve & Andrews, and of the present plaintiff, to cover up and conceal that interest, by vesting the paper title in them.
Most of the exceptions taken by the defendants, to the rejection of the evidence offered by them, are attempted to be sustained, upon the idea, that upon the trial of this action, the defendants were entitled to the same range of examination, that would be allowed in a proceeding to set aside these conveyances for fraud, and to establish the fact that Trowbridge was the real owner.
All the objections taken by defendants’ counsel, may be disposed of by a few general propositions.
The evidence was satisfactory that the plaintiff was owner in *498 fee of the premises. The defendants occupied the premises under a special agreement between them and Trowbridge. From and prior to the 1st of February, 1855, down to and until after the 1st of May, 1855, they occupied, under an implied agreement between them and the plaintiff, that henceforth they should occupy as tenants of the plaintiff, and upon the terms of their lease from Trowbridge, as to the rate of compensation.
The statute authorizes an action for use and occupation, as well when the defendants occupy under an implied agreement between them and the plaintiff, as when they occupy under a special agreement. (Osgood v. Dewey, 13 J. R. 240; McKeon v. Whitney, 3 Hill, 452 ; 1 Revised Statutes, 748, § 26.)
Under the present system, the plaintiff states, according to the actual truth of the case, facts which entitle him to recover. When there is no material variance between the facts as alleged and proved, he cannot be non-suited, if he proves facts sufficient to constitute a cause of action. The lease having been ratified by the plaintiff, so far, at least, as to permit further occupation at the rate of compensation fixed by it, the plaintiff was limited in his recovery to that sum. There was no variance between the pleadings and proofs.
It was entirely discretionary with the Judge, whether he would allow the plaintiff, after having rested, to prove the small demands constituting his second and third causes of action. There was no proof of its operating as a surprise upon, or prejudicially to the defendants.
It is quite clear, that rent which accrued for the use and occupation by the defendants of the premises, after the plaintiff became the owner of them in fee, and they had consented to occupy as his tenants, could not be off-set against a demand owing to them by their original landlord.
The defendants have not placed themselves in a position to controvert the validity of the plaintiff’s title. It is unquestionably valid, as against Trowbridge and the defendants, and all other persons, except those who are in a position, as creditors of Trowbridge or of the plaintiff’s grantors, to assail it on the ground that it was vested in the plaintiff with intent to defraud such creditors, or some one or all of them. A creditor at large of Trowbridge cannot, as such litigate that question. (3 Kern. 488.)
*499 In this view of the case, there was no error in the exclusion of evidence offered, or in refusing to charge, as the defendants requested, or in the parts of the charge given to which exceptions were taken.
The judgment must be affirmed with costs.